OTTO GERDAN v. ROBERT DAVIS, COLLECTOR OF JERSEY CITY.

Submitted July 5, 1901—Decided November 11, 1901.

Goods imported from a foreign country are not subject to taxation in this state while they remain in the hands of the importer in original packages.

On *certiorari* in matter of taxation.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Boyd McLean.*

For the defendant, *John Wahl Queen.*

The opinion of the court was delivered by

VAN SYCKEL, J. The question presented for decision in this case is whether the tax was legally imposed upon certain personal property of the prosecutor.

Gerdan lives in New York City. He is an importer of chair cane and reeds, which are the subject of the imposition levied upon his property. These goods were imported by him and placed in a storehouse in Jersey City, and while there, in the original packages, were assessed for taxes.

Gerdan sold these goods at his New York office, the storage in Jersey City being temporarily.

Chief Justice Marshall, in *Brown* v. *State of Maryland,* 12 *Wheat.* 436, has clearly defined the extent of the power of congress under two provisions of the federal constitution:

*First.* That which declares that "no state shall, without the consent of congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws."

*Second.* That which declares that congress shall have power

"to regulate commerce with foreign nations and among the several states and with the Indian tribes."

In virtue of this power the federal courts hold that goods while being transported from state to state are not subject to state taxation. *Case of State Freight Tax,* 15 *Wall.* 232.

This rule has been repeatedly recognized and enforced in this state. *Erie Railway Co.* v. *State,* 2 *Vroom* 531; *State* v. *Engle, Receiver,* 5 *Id.* 425; *State* v. *Carrigan, Collector,* 10 *Id.* 35; *Metropolitan Life Insurance Co.* v. *Newark.* 33 *Id.* 74.

This power of the federal government is also held to exclude the right of a state to tax goods imported from a foreign country while remaining in the hands of the importer in original packages.

That question is settled by *Low* v. *Austin,* 13 *Wall.* 29.

There the city of San Francisco attempted to levy a tax upon goods of the importer in the original packages. The Supreme Court of California, in a very cogent opinion, sustained the validity of the tax, but the Supreme Court of the United States, in an opinion delivered by Mr. Justice Field, in the case last cited, overruled the state court, and held that goods imported from a foreign country are not subject to state taxation whilst remaining in the original cases, unbroken and unsold, in the hands of the importer, whether the tax be imposed upon the goods as imports or upon the goods as part of the general property of the citizens of the state which is subjected to an *ad valorem* tax.

It was also held that goods imported do not lose their character as imports, and become incorporated into the mass of property of the state, until they have passed from the control of the importer, or been broken up by him from their original cases.

This must be regarded as decisive of this controversy. The assessment was levied without authority, and is therefore set aside, with costs.